# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

ROBERT K. STAMPER, JR. and )
AVA STAMPER, )
 )
    Plaintiffs, )
 )
v. ) No. 3:09-cv-270
 ) (Phillips)
WILSON & ASSOCIATES, P.L.L.C., )
 )
    Defendant. )

## ORDER

This matter is before the court on the following motions:

- Motion for Temporary Restraining Order [Doc. 4];

- Motion to Dismiss for Failure to State a Claim [Doc. 13];

- Motion to Dismiss and/or for Summary Judgment [Doc. 44];

- Motion for Hearing [Doc. 46]; and

- Motion to Compel Production of Discovery [Doc. 47]

On June 19, 2009, plaintiffs brought suit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. Plaintiffs argue that Wilson & Associates, P.L.L.C. ("Wilson & Associates") failed to provide disclosures relating to the foreclosure of their home. Plaintiffs also brought various state law claims.

On July 9, 2009, Wilson & Associates filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 13]. Wilson & Associates argue that they cannot be held liable under 15 U.S.C. § 1692e because they are not "debt collectors" within the meaning of the

1

FDCPA. [*Id*.]. The principal issue is the following: is a law firm that initiates a non-judicial foreclosure proceeding "collecting a debt" within the meaning of the FDCPA, and therefore subject to its general provisions? Or is the law firm enforcing a security interest and thus only subject to the provision expressly relating to the enforcement of security interests, 15 U.S.C. § 1692f(6)? The court finds that Wilson & Associates were not collecting a debt, but rather, enforcing a security interest. The court also finds that Wilson & Associates do not otherwise qualify as "debt collectors."

Accordingly, plaintiffs' FDCPA action is **DISMISSED WITH PREJUDICE**., and their state claims are **DISMISSED WITHOUT PREJUDICE**.

**I.      INTRODUCTION**

The following facts are taken mostly from plaintiffs' amended complaint [Doc. 39]. In order to finance a home, plaintiffs obtained a loan in the amount of $198,075.00 from Quicken Loans, Inc. ("Quicken Loans"). Plaintiffs executed a note and deed of trust, which gave Quicken Loans a security interest in plaintiffs' property.

Plaintiffs' loan was then sold on the secondary market as an asset-backed security. Avelo Mortgage ("Avelo") was the initial mortgage servicing agency responsible for accepting and processing plaintiff's monthly mortgage payments. In July 2008, Litton Loan Serving, LP ("Litton") became responsible for servicing plaintiffs' loan payments. Litton sent a notice to plaintiffs that effective July 1, 2008, all future payments should be sent to them.

On July 15, 2008, Litton sent plaintiffs a "Validation of Debt Notice," which stated the principal balance of the loan. On July 24, 2008, plaintiffs sent a letter to Litton in which they disputed the amount of the debt.

Starting in September 2008, plaintiffs began to receive "notices of default." On March 10, 2009, plaintiffs received a letter from Wilson & Associates stating that they had been retained by

Litton for the purpose of initiating foreclosure proceedings on their property.

On March 11, 2009, plaintiffs sent a written request to Wilson & Associates, disputing the amount of debt. Plaintiffs also requested a "validation of the debt." On March 10, 2009, Wilson & Associates sent plaintiffs a "Notice of Trustee's Sale," stating that the property would be sold on April 7, 2009 in a foreclosure sale. On April 13, 2009, Wilson & Associates advised plaintiffs that the foreclosure/trustee sale had been cancelled.

As a basis for their FDCPA action, plaintiffs allege that they never received a written response from Wilson & Associates regarding the validation of the debt. Plaintiffs allege that "Wilson's lack of response to plaintiffs' request to validate the debt is in violation of the FDCPA." [Doc. 39 at 18]. In particular, plaintiffs allege that Wilson & Associates violated the disclosure provisions of 15 U.S.C. § 1692e(2), (5), and (10). Plaintiffs also brought several state-law claims. [Doc. 39 at 18-20]. This includes a claim for tortious and negligent misrepresentation, civil conspiracy, intentional infliction of emotional distress. [*Id*.].

In response, Wilson & Associates filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. They argue that they cannot be held liable under 15 U.S.C. § 1692e because they are not "debt collectors" within the meaning of the FDCPA.

## II. STANDARD OF REVIEW

When considering a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). To survive a motion to dismiss, "[a]lthough the

factual allegations in a complaint need not be detailed, they 'must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.' " *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.' " *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). In other words, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (inner citation omitted).

### III. ANALYSIS

#### A. The Initiation of a Non-Judicial Foreclosure Proceeding is Not a "Debt Collection" Activity Within the Meaning of the Fair Debt Collection Practices Act

The FDCPA was passed in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To succeed on a claim under the FDCPA, a plaintiff must show that the money or property being collected qualifies as a "debt." 15 U.S.C. § 1692a(5). Second, the collecting entity must qualify as a "debt collector." 15 U.S.C. § 1692a(6). Third, a plaintiff must show that the debt collector violated a provision of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

As a threshold matter, the court must determine whether Wilson & Associates are "debt

collectors" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6). As a matter of law, liability under 15 U.S.C. §§ 1692 *et seq*. can only attach to those who meet the statutory definition of a "debt collector." Defendants argue that they are not debt collectors within the meaning of the FDCPA. The statute defines "debt collectors" as:

> . . . any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . *For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.*

15 U.S.C. 1692a(6) (emphasis added). Courts have held that those who enforce security interests do not qualify as "debt collectors" under the FDCPA, except for the purpose of § 1692f(6). Although Congress included within the definition of "debt collectors" those who enforce security interests, it limited this definition only to the provisions of § 1692f(6). As the Sixth Circuit has explained, "[s]uch a purposeful inclusion for one section of the FDCPA implies that the term 'debt collector' does not include an enforcer of a security interest for any other section of the FDCPA." *Montgomery v. Huntington Bank*, 346 F.3d at 693, 700 (6th Cir. 2003) (internal citations omitted).

Plaintiffs do not allege that Wilson & Associates violated 15 U.S.C. § 1692f(6), which is the provision that relates to the enforcement of security interests. Plaintiffs have sued Wilson & Associates under the general provisions of the FDCPA, such as 15 U.S.C. §1692e. The court must address the following issue: may a law firm that is hired to initiate a non-judicial foreclosure proceeding be held liable under the general provisions of the FDCPA- that is, all provisions besides 15 U.S.C. § 1692f(6)? More precisely, is the initiation of a non-judicial foreclosure proceeding a "debt collection" activity, or is it the enforcement of a security interest?

In *Montgomery v. Huntington Bank*, the Sixth Circuit clarified the distinction between a

"debt" and the enforcement of a security interest. 346 F.3d 693, 699-700 (6th Cir. 2003). In *Montgomery*, the court held that a repossession agency could qualify as "debt collector" only for purposes of § 1692f(6). *Id*. In other words, the court held that repossession agencies- whose principal purpose is to enforce security interests- are not subject to the general provisions of the FDCPA, such as 15 U.S.C. § 1692e. *Id*.

In *Montgomery*, the plaintiff financed the purchase of a car by obtaining a loan from Huntington Bank. *Id*. As collateral for the loan, Huntington Bank took a security interest in the car. *Id*. Eventually, the plaintiff fell behind in loan payments. *Id*. Huntington Bank hired Silver Shadow, a repossession agency, to repossess the vehicle. *Id*. The plaintiff then sued Huntington Bank and Silver Shadow under the FDCPA. *Id*. The defendants moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that neither Huntington Bank nor Silver Shadow qualified as "debt collectors" under the FDCPA. *Id*.

The plaintiff did not sue the repossession agency under 15 U.S.C. § 1692f(6)- the provision that relates to the enforcement of security interests. *Id*. Rather, the plaintiff sued the repossession agency under § 1692d and § 1692e. *Id*. The district court dismissed the FDCPA action, and the Sixth Circuit affirmed, holding that "except for purposes of § 1692f(6), an enforcer of a security interest, such as a repossession agency, does not meet the statutory definition of a debt collector under the FDCPA." *Id*. at 701. Because the plaintiff did not sue the reposession agency under 15 U.S.C. § 1692f(6), his FDCPA suit was dismissed. *Id*.

Much of the Sixth Circuit's analysis in *Montgomery* was based upon another case involving repossession agencies, *Jordan v. Kent Recovery Service., Inc.*, 731 F.Supp. 652, 656 (D.Del. 1990). The issue in *Jordan* was whether enforcers of security interests, such as repossession agencies, qualify as "debt collectors" under the FDCPA. *Id*. The plaintiff argued that Kent Recovery, a

6

repossession agency, was engaged in the collection of a debt. *Id*. In particular, the plaintiff argued that repossession agencies are engaged in the *indirect* collection of a debt: ". . . defendants' actions indirectly caused her friend . . . to again make Jordan's payments on the loan for her car." *Id*. at 659. The court rejected the "indirect" argument:

> Jordan's argument concerning the indirect collection of a debt has two weaknesses. First, Jordan's argument assumes, but does not prove, that repossession of secured property is synonymous with collection of a 'debt' under the FDCPA. The FDCPA defines 'debt' to be any 'obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purchases." 15 U.S.C. 1682a(5). The undisputed evidence in this case clearly establishes that Kent Recovery was seeking the recovery of Jordan's car, and was not seeking the recovery of the debt itself, which is the 'obligation of a consumer to pay money.'

*Id*. *Montgomery* and *Jordan* stand for the proposition that enforcers of security interests may not be held liable under the general provisions of the FDCPA. That is, enforcers of security interests may only be sued under 15 U.S.C. § 1692f(6).

The issue then is the following: are law firms that initiate non-judicial foreclosure proceedings collecting a debt (and therefore subject to the general provisions of the FDCPA, such as 15 U.S.C. § 1692e), or are they enforcing a security interest (and therefore only subject to 15 U.S.C. § 1692f(6))? While the Sixth Circuit has not addressed this issue, the majority of courts hold that law firms in this situation are not liable under the general provisions of the FDCPA. *See Maynard v. Cannon*, 2008 WL 2465466, at *4 (D.Utah. June 16, 2008) (where evidence showed that defendant attorney was hired for limited purpose of non-judicially foreclosing a deed of trust, and plaintiff offered no evidence as to the frequency of defendant's security enforcement or debt collection practices, defendant's activities fell outside the FDCPA's general definition of "debt collector"); *Chomillo v. Shapiro, Nordmeyer & Zielke, LLP*, 2007 WL 2695795, at *6 (D.Minn. Sept. 12, 2007) (holding that a law firm executing non-judicial foreclosure proceeding was enforcing

7

a security interest rather than collecting a debt, and thus fell outside the ambit of the FDCPA except for the provisions of § 1692f(6)); *Acosta v. Campbell*, 2006 WL 3804729, at *4 (M.D. Fla. Dec. 22, 2006) ("Nearly every court that has addressed the question has held that foreclosing on a mortgage is not a debt collection activity for the purposes of the FDCPA"); *Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp.2d 1188, 1210 (D.Or.2002) (actions taken by attorneys as part of foreclosure of trust deed "may not be challenged as FDCPA violations"). In other words, the majority of courts hold that law firms that initiate non-judicial foreclosure proceedings are not collecting a debt, but rather, enforcing a security interest. Therefore, law firms involved in non-judicial foreclosure proceedings that do not otherwise qualify as "debt collectors" under the FDCPA- that is, their principal purpose is not the collection of a debt, and they do not regularly engage in the collection of a debt- are not liable under the FDCPA, except for purposes of § 1692f(6)

In *Fouche' v. Shapiro & Massey L.L.P.*, the court held that a law firm which initiated a non-judicial foreclosure proceeding was not collecting a "debt" within the meaning of 15 U.S.C. § 1692a(5), and therefore was not subject to the general provisions of the FDCPA. 575 F.Supp. 2d 776 (S.D. Miss 2008). In *Massey*, the plaintiff executed a promissory note and deed of trust to finance his home. *Id*. His loan was assigned to Bank United, and then Washington Mutual became its successor. *Id*. Eventually, the plaintiff fell behind in mortgage payments. Washington Mutual, the mortgagee, retained the law firm, Shapiro & Massey, to foreclose on the plaintiff's home. *Id*. Shapiro & Massey then notified the plaintiff that his property was going to be foreclosed upon. *Id*. However, the plaintiff filed a bankruptcy petition, which stopped the foreclosure sale.

A few years passed, and Shapiro & Massey sent the plaintiff a letter advising him that his property was going to be foreclosed upon. *Id*. The letter contained the following words in large bold print: "Notice Required by the Fair Debt Collection Practices Act." *Id*. The letter then

provided disclosures required for "debt collectors" under the FDCPA. *Id*. This disclosure included the amount of debt and the identity of the creditor. *Id*. The letter stated that it was "not a demand for payment, but was merely intended to provide notice that a foreclosure proceeding will be commencing to sell the property to satisfy some or all of the debt owed our client . . ." *Id*. at 781. At the end of the letter was this statement: "Pursuant to the Fair Debt Collection Practices Act, you are advised that this office is deemed to be a debt collector. Any information obtained will be used for that purpose." *Id*.

The plaintiff responded by sending a letter directly to Shapiro & Massey disputing the validity of the debt. *Id*. The firm then sent a letter providing the amount due. *Id*. The plaintiff wrote another letter disputing the debt, and the law firm responded by explaining how the mortgage payments could be reinstated. *Id*. The law firm informed the plaintiff that the foreclosure action would be dismissed if the plaintiff began making mortgage payments. *Id*.

The plaintiff then brought suit against the law firm, Massey & Shaprio, for failing to make disclosures as required under the general provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*. *Id*. The plaintiff did not sue Massey & Shapiro under 15 U.S.C. § 1692f(6). *Id*. The defendants admitted they were "debt collectors" for purposes of 15 U.S.C. § 1692f(6), but they argued they were not subject to the general provisions of the FDCPA. The defendants moved to dismiss the plaintiff's FDCPA action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id*. The court granted the motion to dismiss, holding that a law firm engaged in a non-judicial foreclosure proceeding, and which does not otherwise qualify as a "debt collector," could not be sued under the general provisions of the FDCPA. *Id*.

The court relied on the Sixth Circuit's decision in *Montgomery v. Huntington Bank* to reach its conclusion. 346 F.3d 693. The Court agrees that it is a logical extension of *Montgomery* to hold

9

that law firms which initiate non-judicial foreclosure proceedings, and do not otherwise qualify as "debt collectors" (that is, their principal purpose is not the collection of a debt, and they do not regularly engage in the collection of a debt) may not be sued under the general provisions of the FDCPA. Like the repossession agencies in *Montgomery* and *Jordan*, law firms engaged in non-judicial foreclosure proceedings are not enforcing an "obligation to pay money" (which is how the FDCPA defines "debt"). Rather, these law firms are enforcing a security interest, which the mortgagee (whom the law firm represents) took when the plaintiff obtained a loan.

In contrast to judicial foreclosures, non-judicial foreclosures do not involve personal ("deficiency") judgments against the debtor. This is important to recognize because the FDCPA defines "debt" as an "obligation to pay money," and there is no enforcement of that obligation in non-judicial foreclosures. *See McDaniel v. South & Assocs.*, P.C, 325 F.Supp.2d 1210, 1216-1218 (D.Kan.2004) (holding that the defendant's actions in filing judicial foreclosure proceeding against mortgagor amounted to debt collection activity under the FDCPA). One court has explained the non-judicial foreclosure process as:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.
>
> An important point here is that with a trust deed, the trustee possesses the power the [sic] sale which may be exercised after a breach of the obligation for which the transfer in trust of the interest in real property is security. Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor."

*Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.Or.2002) (citations omitted).

Despite the majority of cases holding that non-judicial foreclosures are not "debt collection" activities, plaintiffs rely on a Fourth Circuit decision that holds the opposite. In *Wilson v. Draper*

10

*& Goldberg, P.L.L.C.*, the Fourth Circuit held that the foreclosure by a law firm constituted a "debt collection" activity, and therefore subjected the law firm to the general provisions of the FDCPA. 443 F.3d 373 (4th Cir. 2006). To the extent that *Wilson* holds that a non-judicial foreclosure is a "debt collection" activity, rather than the enforcement of a security interest, this Court disagrees. The statute's definition of "debt collector" clearly reflects Congress' intent to distinguish between "debt collection" activities and the enforcement of security interests. As one court has stated, "if the enforcement of a security interest was synonymous with debt collection, the third sentence [of the definition of "debt collector" in 15 U.S.C. § 1692a(6) would be surplusage because any business with a principal purpose of enforcing security interests would also have the principal purpose of collecting debts. Therefore, to avoid this result, the court determines that the enforcement of a security interest . . . does not constitute the 'collection of any debt.'" *Gray v. Four Oak Court Ass'n, Inc.*, 580 F.Supp. 2d 883, 888 (D.Min.. 2008). Other courts have recognized this distinction as well. *See Maynard v. Cannon*, 2008 WL 2465466, at *4 (D.Utah. June 16, 2008); *Chomillo v. Shapiro, Nordmeyer & Zielke, LLP*, 2007 WL 2695795, at *6 (D.Minn. Sept. 12, 2007); *Acosta v. Campbell*, 2006 WL 3804729, at *4 (M.D. Fla. Dec. 22, 2006); *Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp.2d 1188, 1210 (D.Or.2002); *Brown v. Morris*, 243 Fed.Appx. 31 (5th Cir. 2007); *Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006).

    **B.**    **Wilson & Associates Do Not Otherwise Qualify as a "Debt Collector" Within the Meaning of the Fair Debt Collection Practices Act**

Having determined that the initiation of a non-judicial foreclosure proceeding is not a "debt collection activity," the court must still decide whether Wilson & Associates qualify as "debt collectors" due to the nature of their practice. In *Massey*, the court explained the need for this further analysis:

> . . . although the Massey defendants' practice involved their regularly

> conducting non-judicial foreclosures to enforce their clients' security interest in mortgaged property, defendants were not acting as general 'debt collectors,' *unless they also took other actions, beyond those necessary to foreclose under the deed of trust, were regularly taken in an effort to collect a debt*.

*Id.* at 786 (emphasis added). In *Brown v. Morris*, the Fifth Circuit held that a district court did not err in instructing the jury that "[o]rdinarily, the mere activity of foreclosing on a person's property under a deed of trust is not the collection of a debt within the meaning of the FDCPA *unless other actions, beyond those necessary to foreclose under the deed of trust, were taken in an effort to collect a debt*." 243 Fed.Appx. 31, 35 at *3 (5th Cir. 2007) (emphasis added). Thus, the court must look beyond the facts of the present case to determine whether the principal purpose of Wilson & Associates is to collect debts, or whether they regularly engage in collecting debts. 15 U.S.C. § 1692a(6).

In determining whether a party is a "debt collector," the focus "is not on the events of the particular transaction but on the principal purpose of the defendant's business and/or the defendant's regular activities." *Overton v. Foutty & Fourtty, LLP*, 2007 WL 2413026, at *4 (S.D. Ind. Aug. 21, 2007). Whether a party "regularly" attempts to collect debts is determined by the volume or frequency of its debt-collection activities. *See Brown* 243 Fed.Appx. at 35.

Plaintiffs have provided no evidence that Wilson & Associates are "debt collectors" within the meaning of the FDCPA. To survive a motion to dismiss, "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (inner citation omitted). All plaintiffs have done is make conclusory statements that Wilson & Associates are "debt collectors." This is not enough to survive defendant's motion to dismiss [Doc. 13].

In addition, plaintiffs argue that Wilson & Associates are "debt collectors" because they identified themselves as such. [Doc. 48 at 2]. Plaintiffs argue that the defendants' communications went beyond those necessary to foreclose on their property. This argument was rejected by a court in *Chomilo v. Shapiro, Nordmeyer & Zielke, LLP*, and the Court finds its reasoning persuasive. 2007 WL 2695795, at *6 (D.Minn.2007).

In *Chomilo*, the plaintiff argued that the defendant law firm held itself out as a "debt collector" in its letters and notices. *Id*. In particular, the plaintiff argued that the inclusion of FDCPA disclaimers demonstrated that the defendant law firm was a "debt collector." *Id*. The court disagreed, stating:

> [I]f SNZ [the defendant law firm] includes FDCPA disclaimers in its notices then it may be seen as holding itself out as a debt collector under the FDCPA, but if it does not include such disclaimers then it subjects itself to potential liability for failing to comply with the FDCPA if a court were to determine that SNZ is a debt collector for purposes of the entire FDCPA and not just section 1692f(6). The Court will not penalize SNZ for having to make a Hobson's choice in this unsettled area of the law. SNZ was conducting a nonjudicial mortgage foreclosure by advertisement pursuant to Minnesota law. It was reasonable for SNZ to err on the side of caution and include the FDCPA disclaimers in its communications to [the plaintiff] Chomilo.

*Id*. The Court finds this reasoning to be persuasive. The question of whether defendants qualify as "debt collectors" is a legal question which requires the court to examine the nature of the defendant's business. The fact that FDCPA disclaimers were sent in connection with a non-judicial foreclosure proceeding does not automatically transform the defendants into "debt collectors." Wilson & Associates made it very clear that they were hired for the limited purpose of initiating the non-judicial foreclosure proceeding. In addition, Wilson & Associates did not seek recovery against plaintiffs personally.

Furthermore, it is perfectly reasonable for Wilson & Associates to err on the side of caution

by including FDCPA disclaimers. While Wilson & Associates do not qualify as "debt collectors" within the general provisions of the FDCPA (because they were enforcing a security interest, not collecting a debt), they may still be sued under the provision relating to the enforcement of security interests, 15 U.S.C. § 1692f(6). Thus, if they did not include FDCPA disclaimers, they would be opening themselves up to potential liability under 15 U.S.C. § 1692f(6).

Accordingly, Wilson & Associates' Motion to Dismiss for Failure to State a Claim [Doc. 13] is **GRANTED**, whereby plaintiff's FDCPA action brought under 15 U.S.C. § 1692e is **DISMISSED WITH PREJUDICE**.

### C. The Court Does Not Have Diversity Jurisdiction Over this Case

Plaintiff argues that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Federal subject mater jurisdiction exists in a civil action where the matter in controversy exceeds $75,000, and where there is complete diversity between the parties. 28 U.S.C. § 1332(a)(1). This means that the plaintiff cannot be a citizen of the same state as any defendant. *See Owen Equip., & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396 (1978).

The issue is whether Wilson & Associates, which is a professional limited liability company ("PLLC") should be treated as a corporation or a partnership. While it is neither a corporation or a partnership, it is much closer in structure to a partnership. In fact, it is very similar to limited liability companies, which most courts have treated as partnerships for diversity purposes. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006); *General Technology Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). In *Cosgrove v. Bartolotta*, Judge Posner explained why limited liability companies should be treated as partnerships for diversity purposes:

> This animal is like a limited partnership; the principal difference is that it need have no equivalent to a general partner, that is, an owner who has unlimited personal liability for the debts of the firm. . . Given the resemblance between an LLC and a limited partnership, and what seems to have crystalized as a principle that members of associations are citizens for diversity purposes unless Congress provides otherwise (as it has with respect to corporations, in 28 U.S.C. 1332(c)(1) . . .we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.

150 F.3d at 729.

For purposes of determining diversity jurisdiction, a limited liability company's citizenship is that of its members. *Handelsman*, 213 F.3d at 51 (citing *Cosgrove*, 150 F.3d at 731). In *Media Group v. Arent Fox Kitner Plotkin & Kahn, PLLC*, a court held that a PLLC's citizenship for diversity jurisdiction purposes is that of its members. F.Supp.2d 2004 WL 162900 (D.Conn.2004). The Court agrees that PLLC's- which are similar in structure to LLC's- should be treated like partnerships for determining diversity jurisdiction. In other words, a PLLC's citizenship is that of its individual members.

It is undisputed that plaintiffs are "citizens" of Tennessee. Thus, the Court must determine whether any of Wilson & Associates' employees are also "citizens" of that state. If any of Wilson & Associates' employees are "domiciled" in Tennessee, there will not be complete diversity between the parties.

As previously stated, an individual is a citizen of whatever state they are "domiciled" in. For purposes of diversity jurisdiction, residency does not necessarily prove citizenship. One court has explained how "domicile" differs from "residency":

> To establish the 'citizenship' required for diversity jurisdiction, Deasy must show more than mere Tennessee residence. He must show that Tennessee is his domicile. To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere.

15

*Deasy v. Louisville & Jefferson City Metro. Sewer Dist.*, 47 Fed.Appx. 726, 728 (6th Cir. 2002) (citations omitted). In the present case, Wilson & Associates have multiple offices in Tennessee. It is reasonable to conclude that at least one employee is "domiciled" in Tennessee.

Accordingly, because there is not complete diversity between the parties, the court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

### D. The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's State-Law Actions

In addition to their FDCPA action, plaintiffs have brought several state-law claims. This includes a claim for tortious and negligent misrepresentation, civil conspiracy, intentional infliction of emotional distress. [Doc. 39 at 18-20].

Under 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. In the Sixth Circuit, the policy is that "[i]f federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 Fed.Appx. 382, 384-85 (6th Cir. 2003)).

Plaintiffs' FDCPA action is the only cause of action that this court has original jurisdiction over. The court has previously determined that it does not have "diversity jurisdiction" under 28 U.S.C. § 1332. Because the court dismissed plaintiffs' federal claim prior to trial, the court declines to exercise supplemental jurisdiction over their state-law claims. Accordingly, plaintiffs' state-law claims are **DISMISSED WITHOUT PREJUDICE.**

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that plaintiff's FDCPA claim brought under 28 U.S.C.

§ 1692e is **DISMISSED WITH PREJUDICE**. It is **FURTHER ORDERED** that plaintiff's state-law claims are **DISMISSED WITHOUT PREJUDICE**. The court makes the following rulings:

- Motion for Temporary Restraining Order [Doc. 4] is **DENIED AS MOOT**.

- Motion to Dismiss for Failure to State a Claim [Doc. 13] is **GRANTED**.

- Motion to Dismiss and/or for Summary Judgment [Doc. 44] is **DENIED AS MOOT**.

- Motion for Hearing [Doc. 46] is **DENIED AS MOOT**.

- Motion to Compel Production of Discovery [Doc. 47] is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge